# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| John E. Gallus; D. Elaine Gallus; Alexandria Ione Faller for use and benefit of a/k/a Alexandria Ione Griffin; AXP New Dimensions Fund; AXP Strategy Aggressive Fund; AXP Mutual Fund; AXP Precious Metals Fund; AXP Equity Select Fund; AXP Small Cap Advantage Fund; AXP Partners Small Cap Value Fund; AXP Mid Cap Value Fund; AXP Small Company Index Fund; AXP High Yield Bond Fund; and AXP Managed Allocation Fund successor by merger to AXP Blue Chip Advantage Fund, | Civil No. 04-4498 (DWF/SRN) |
| Plaintiffs, | |
| v. | **AMENDED ORDER** |
| American Express Financial Corporation and American Express Financial Advisors, Inc., | |
| Defendants. | |

Guy M. Burns, Esq., and Jonathan S. Coleman, Esq., Johnson Pope Bokor Ruppell & Burns, LLP; Erin M. Riley, Esq., Gretchen Freeman Cappio, Esq., Laura R. Gerber, Esq., Lynn Lincoln Sarko, Esq., Michael D. Woerner, Esq., and Tana Lin, Esq., Keller Rohrback LLP; James C. Bradley, Esq., Michael J. Brickman, Esq., and Nina H. Fields, Esq., Richardson Patrick Westbrook & Brickman; Jeffrey D. Bores, Esq., and Karl L. Cambronne, Esq., Chestnut & Cambronne; counsel for Plaintiffs.

John D. Donovan, Jr., Esq., Robert A. Skinner, Esq., Benjamin S. Halasz, Esq., and Lara A. Oravec, Esq., Ropes & Gray LLP; Robert L. Schnell, Jr., Esq., Faegre & Benson LLP; counsel for Defendants.

Thomas B. Hatch, Esq., Robins Kaplan Miller & Ciresi LLP, counsel for Movant Columbia Management Investment Advisors, LLC, formerly known as RiverSource Funds, also known as RiverSource Investments LLC.

This matter is before the Court on the parties' requests for the Court to determine the impact of *Jones v. Harris Associates L.P.*, 130 S. Ct. 1418 (2010), on the Court's disposition of this case on remand from the Eighth Circuit (Doc. No. 251). As set forth below, the Court reinstates its July 10, 2007 Order granting summary judgment and re-enters judgment in favor of Defendants.[1]

The specific factual details of the case are set forth more fully in the Court's orders dated July 10, 2007 (Doc. No. 202) (granting Defendant's motion for summary judgment) and March 7, 2005 (Doc. No. 73) (granting in part and denying in part Defendant's motion to dismiss). Briefly, Plaintiffs are shareholders of mutual funds for which Defendants serve as the investment advisers. Plaintiffs alleged that Defendants charged excessive advisory fees in violation of their obligations under Section 36(b) of the Investment Company Act of 1940 ("ICA"), 15 U.S.C.A. § 80a-35(b). Section 36(b) of the ICA imposes a fiduciary duty on mutual fund investment advisors in connection with their receipt of fees from the funds they manage. 15 U.S.C. § 80a-35(b).

On July 10, 2007, this Court granted Defendants' Motion for Summary Judgment (Doc. No. 202). In that Order, the Court weighed the evidence under each of the factors set forth in *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923 (2d Cir. 1982).

---

[1] This Amended Order serves to amend this Court's Order dated December 8, 2010 (Doc. No. 270), only to correct a minor clerical error regarding a docket number in the Order section. (*See* page 5.)

After weighing those factors, the Court concluded that Plaintiffs had failed to establish a genuine issue of material fact regarding "whether the fees charged were so disproportionately large that they bear no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining." 497 F. Supp. 2d at 983-84.

Plaintiffs appealed this Court's decision, and the Eighth Circuit reversed. *Gallus v. Ameriprise Financial, Inc.*, 561 F.3d 816 (2009). The Eighth Circuit found that *Gartenberg* "demonstrates one way in which a fund adviser can breach its fiduciary duty; but it is not the only way." *Id*. at 823. The Eighth Circuit held that even though this Court had properly applied the *Gartenberg* factors, this Court should have separately considered other possible violations of Section 36(b). *Id*. Specifically, the Eighth Circuit found that this Court erred by failing to explore the fee discrepancy between different types of clients. *Id*. at 824. The Eighth Circuit noted that the Seventh Circuit, too, had departed from the *Gartenberg* framework in *Jones v. Harris Associates*, 527 F.3d 627 (2008), a case for which the United States Supreme Court had, at the time of the Eighth Circuit's *Gallus* opinion, granted certiorari. *Id*. at 822, citing *Jones*, 129 S. Ct. 1579 (2009).

Defendants here petitioned for writ of certiorari, which was granted only after the United States Supreme Court decided *Jones*. In that case, the Supreme Court concluded that "*Gartenberg* was correct in its basic formulation of what § 36(b) requires: to face liability under § 36(b), an investment adviser must charge a fee that is so

3

disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining." 130 S. Ct. 1418, 1426 (2010).  The Supreme Court found that the *Gartenberg* framework "fully incorporates" the understanding of fiduciary duty set out in *Pepper v. Litton,* 308 U.S. 295 (1939), and also reflects § 36(b)(1)'s imposition of the burden of proof on the party claiming breach of fiduciary duty.  *Id*. at 1427.  The Court noted that *Gartenberg* "insists that all relevant circumstances be taken into account" and "uses the range of fees that might result from arm's-length bargaining as the benchmark for reviewing challenged fees."  *Id*.  The Supreme Court held that the *Gartenberg* standard "accurately reflects the compromise that is embodied in § 36(b), and it has provided a workable standard for nearly three decades."  *Id*. at 1430.  The Supreme Court vacated the Seventh Circuit's *Jones* opinion and remanded the case for further proceedings consistent with its opinion.

Just days after deciding *Jones*, the Supreme Court granted Defendants' petition for writ of certiorari.  *Ameriprise Fin., Inc. v. Gallus*, 130 S. Ct. 2340 (2010).  The Supreme Court vacated the Eighth Circuit's *Gallus* opinion and remanded the case back to the Eighth Circuit "for further consideration in light of *[Jones]."*  *Id*.  Likewise, the Eighth Circuit remanded *Gallus* back to this Court "for further consideration in light of *Jones v. Harris*."  (Doc. No. 251.)

Here, the parties ask this Court to determine the impact of *Jones* and the Eighth Circuit's remand on these proceedings.  Having considered the parties' submissions, the Court's previous orders, the procedural posture of the case, and the United States

Supreme Court's decision in *Jones*, the Court finds that a reinstatement of the Court's July 10, 2007 Order granting summary judgment to Defendants is appropriate. In *Jones*, the Supreme Court adopted the *Gartenberg* framework and reasoning that this Court used in reaching its summary judgment opinion. And, in its order reversing this Court, the Eighth Circuit specifically noted that this Court properly applied the *Gartenberg* factors. 561 F.3d at 823. As such, nothing remains to be decided by this Court, and the Court's summary judgment Order dated July 10, 2007, is properly reinstated.[2]

Accordingly, **IT IS HEREBY ORDERED** that**:**

1. This Court's Order dated July 10, 2007 (Doc. No. [202]) granting summary judgment in favor of Defendants is **REINSTATED**.

2. The Amended Complaint (Doc. No. [177]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 10, 2010             s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge

---

[2] In their briefs, Plaintiffs also raise the issue of the damages period addressed in this Court's Order dated July 27, 2006. (Doc. No. 163.) This matter was only addressed by footnote in the Court's July 10, 2007 Order. (Doc. No. 202 at 3 n.4.) Although the damages period was not mentioned in *Jones* (or by Defendants' briefs, for that matter), the Court notes that the Eighth Circuit did reverse this Court's opinion on the damages period. *Gallus*, 561 F.3d at 824-25. To the extent that vacated opinions serve as guidance on remand, the Court vacates its July 27, 2006 Order as it relates to the damages period.